959 F.2d 236
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Katherine SIMMONS, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 91-6438.
 United States Court of Appeals, Sixth Circuit.
 April 10, 1992.
 
 1
 Before KEITH and MILBURN, Circuit Judges, and ENSLEN, District Judge.*
 
 ORDER
 
 2
 Katherine Simmons, a pro se federal prisoner, appeals a district court order denying her motion to vacate her sentence filed under 28 U.S.C. § 2255. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 In April 1990, Simmons pleaded guilty to seven counts of distributing cocaine and one count of possessing marijuana with the intent to distribute. Simmons received a 168 month sentence and three years of supervised release. She filed a pro se notice of appeal 46 days late. This court dismissed the appeal for lack of jurisdiction. United States v. Simmons, 929 F.2d 702 (6th Cir.1991) (unpublished).
 
 
 4
 In July 1991, Simmons filed a motion to vacate her sentence under 28 U.S.C. § 2255 contending that: 1) the prosecution did not disclose exculpatory evidence, 2) counsel rendered ineffective assistance, and 3) she was denied her right to appeal. The motion was denied. Simmons filed this timely appeal raising her second and third claims, but not her first claim. Simmons requests leave to proceed in forma pauperis, oral argument, an evidentiary hearing, and the appointment of counsel. She has also moved to nullify the district court's order refusing to reduce her sentence because of her mental incapacity.
 
 
 5
 Upon de novo review, we conclude Simmons has failed to establish the denial of a substantive right or defects in the proceedings which are inconsistent with the rudimentary demands of fair procedure. See United States v. Timmreck, 441 U.S. 780, 783-84 (1979); United States v. Ferguson, 918 F.2d 627, 630 (6th Cir.1990) (per curiam).
 
 
 6
 Simmons's counsel rendered effective assistance. See Hill v. Lockhart, 474 U.S. 52, 59 (1985); Strickland v. Washington, 466 U.S. 668, 687 (1984); Thomas v. Foltz, 818 F.2d 476, 480 (6th Cir.1987). Simmons was not denied her right to appeal her sentence. Finally, Simmons has abandoned her claim concerning her request for a downward departure in her sentence by failing to raise the issue in her appellate brief. See McMurphy v. City of Flushing, 802 F.2d 191, 198-99 (6th Cir.1986). Her attempt to resurrect the issue in her motion is to no avail for the same reason and because a district court's decision whether or not to depart downward from a properly computed guideline range is not appealable. See United States v. Pickett, 941 F.2d 411, 417-18 (6th Cir.1991); United States v. Gregory, 932 F.2d 1167, 1168-69 (6th Cir.1991).
 
 
 7
 Accordingly, we grant the request for pauper status, deny the other requests for relief, and affirm the district court's judgment. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Richard A. Enslen, U.S. District Judge for the Western District of Michigan, sitting by designation