992 F.2d 1217
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Abiodun B. ADESHINA, Defendant-Appellant.
 No. 92-1810.
 United States Court of Appeals, Sixth Circuit.
 April 5, 1993.
 
 Before MILBURN and NELSON, Circuit Judges, and CONTIE, Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 Abiodun Adeshina appeals the length of his sentence following his guilty plea to heroin trafficking. We dismiss Adeshina's appeal for lack of jurisdiction for the following reasons.
 
 I.
 
 2
 On October 22, 1991, defendant-appellant Abiodun Adeshina ("Adeshina") was charged in a four-count Indictment with: conspiring "to possess with intent to distribute and to distribute Heroin," in violation of 21 U.S.C. §§ 841(a)(1) and 846 (Count One); aiding and abetting the distribution of "approximately 14 grams of a mixture or substance containing a detectable amount of Heroin" on or about April 10, 1991, in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2 (Count Two); "distribut[ing] approximately 26.6 grams of a mixture or substance containing a detectable amount of Heroin" on or about April 24, 1991, in violation of 21 U.S.C. § 841(a)(1) (Count Three); and "distribut[ing] approximately 25.3 grams of a mixture or substance containing a detectable amount of Heroin" on or about May 15, 1991, in violation of 21 U.S.C. § 841(a)(1) (Count Four).
 
 
 3
 On April 8, 1992, Adeshina and the prosecutor entered into a plea agreement which provided (in relevant part):
 
 
 4
 1. Defendant shall enter a plea of guilty to count one of the indictment.
 
 
 5
 2A. The parties acknowledge that the court will determine the applicable sentencing factors at sentencing and that the court's determination will affect the sentence range under the sentencing guidelines. The defendant will not assert any mitigating sentencing guidelines factor that is not identified in this agreement, nor will defendant seek a downward departure from the sentence range arrived at by the court.
 
 
 6
 2B. Defendant will be entitled to a reduction of two levels in the combined adjusted offense level, under Section 3E1.1 of the sentencing guidelines, because defendant will have accepted responsibility for the offense as demonstrated by expected truthful admission of the defendant's participation in the offense and in related conduct, and defendant's anticipated cooperation with the probation department.
 
 
 7
 2C. Pursuant to Rule 11(e)(1)(C) of the Federal Rules of Criminal Procedure, the parties agree that any sentence of incarceration shall not exceed 121 months.
 
 
 8
 ....
 
 
 9
 2E. Defendant will be sentenced to a term of supervised release, to be served after incarceration, of between three and five years.
 
 
 10
 ....
 
 
 11
 2G. Defendant will pay a special assessment of $50.00 in addition to any fine imposed.
 
 
 12
 3A. Defendant promises to provide truthful and complete information to the United States Attorney's office and to other law enforcement agencies, including a full debriefing and truthful testimony at all proceedings, criminal or civil, including, but not limited to, grand jury proceedings, trials, and pretrial and post-trial proceedings, concerning defendant's heroin trafficking activities and heroin sources, including Joseph Obiukwu and Thomas Glenn. Defendant acknowledges that Defendant will testify truthfully concerning Joseph Obiukwu's and Thomas Glenn's heroin trafficking activities.
 
 
 13
 3B. Upon the government's determination that defendant's cooperation amounts to substantial assistance in the investigation of others, the government will request the court to depart downward from the applicable sentencing range. The government reserves the right to make the sole determination as to whether and when defendant has provided substantial assistance.
 
 
 14
 3C. The parties agree that if the government makes such a motion at or before the time of sentencing, the government will recommend that instead of the sentence agreed to in paragraph 2C, the sentence should be within a range of 84 to 96 months. If the motion is made after sentencing (pursuant to Rule 35, Federal Rules of Criminal Procedure), the government will recommend the same departure as stated above. The court's failure to follow such a recommendation, if made, is not a valid basis for defendant to withdraw the guilty plea or to rescind the plea agreement.
 
 
 15
 ....
 
 
 16
 5. Pursuant to Rule 11(e)(1)(A) of the Federal Rules of Criminal Procedure, the government will dismiss counts two, three, and four of the indictment. Defendant acknowledges and agrees that the court may consider conduct alleged in these dismissed counts in arriving at an appropriate sentence.
 
 
 17
 Rule 11 Plea Agreement at 1-7 (emphasis in original).
 
 
 18
 On June 11, 1992, the government filed a motion for downward departure which provided (in relevant part):
 
 
 19
 NOW COMES the United States of America, by and through its attorneys ... who respectfully request the Court to depart downward in imposing sentences upon ABIODUN ADESHINA and CHRISTINE BLACK, as follows:
 
 
 20
 ....
 
 
 21
 6. That ABIODUN ADESHINA's Rule 11 agreement provides that, should Mr. ADESHINA provide substantial assistance in the prosecution of his co-defendants JOSEPH OBIUKWU and THOMAS GLENN, that the Government would recommend a sentence within the range of 84-96 months;
 
 
 22
 ....
 
 
 23
 8. That Plaintiff United States of America respectfully submits that both ABIODUN ADESHINA and CHRISTINE BLACK have fulfilled their respective obligations to provide the Government with "substantial assistance" in the prosecution of JOSEPH OBIUKWU and THOMAS GLENN;
 
 
 24
 WHEREFORE, Plaintiff United States of America respectfully requests this Honorable Court to depart downward in imposing sentence on ABIODUN ADESHINA and CHRISTINE BLACK and recommends a sentence of 84 months for ABIODUN ADESHINA and a sentence not to exceed 24 months for CHRISTINE BLACK.
 
 
 25
 Government's Motion for Downward Departure at Time of Sentencing at 1-3.
 
 
 26
 On June 15, 1992, Adeshina appeared for sentencing. The prosecutor, in accordance with the plea agreement, recommended that Adeshina be sentenced within the 84 to 96 month range set forth in the plea agreement. Adeshina's attorney recommended that the district court reject the 84 to 96 month range and sentence Adeshina to 48 months in prison to reflect Adeshina's substantial assistance with the government, and to avoid sentence disparities among the nation's heroin traffickers.
 
 
 27
 The district court accepted the prosecutor's recommendation and sentenced Adeshina to 84 months imprisonment, to be followed by five years of supervised release. The district court then granted the government's motion to dismiss the three remaining counts in the Indictment.
 
 
 28
 Adeshina subsequently filed a timely notice of appeal.
 
 II.
 
 29
 On appeal, Adeshina argues that the district court "perpetuated the disparity which Congress sought to end by not departing below the [sentencing range] recommended by the prosecutor." Appellant's Brief at 8. In response, the government argues that "the Sixth Circuit has expressly held that it will not accept jurisdiction over appeals [contesting] the extent of a downward departure." Appellee's Brief at 6.
 
 
 30
 The governing statute provides (in relevant part):
 
 
 31
 (a) Appeal by a defendant.--A defendant may file a notice of appeal in the district court for review of an otherwise final sentence if the sentence--
 
 
 32
 (1) was imposed in violation of law;
 
 
 33
 (2) was imposed as a result of an incorrect application of the sentencing guidelines; or
 
 
 34
 (3) is greater than the sentence specified in the applicable guideline range to the extent that the sentence includes a greater fine or term of imprisonment, probation, or supervised release than the maximum established in the guideline range[;] or
 
 
 35
 (4) was imposed for an offense for which there is no sentencing guideline and is plainly unreasonable.
 
 
 36
 18 U.S.C. § 3742.
 
 
 37
 Though the district court departed from the applicable sentencing guideline range (121-151 months) when it sentenced Adeshina to 84 months imprisonment, Adeshina argues that the district court should have departed further from the guideline range. In United States v. Gregory, 932 F.2d 1167 (6th Cir.1991), this court held that it would "not accept jurisdiction over appeals based on factors which the appellant argues should have influenced the degree of a downward departure." Id. at 1169. See generally United States v. Pickett, 941 F.2d 411, 417-18 (6th Cir.1991) ("[A] district court's refusal to depart downward from a sentence within the properly computed guideline range is not appealable."); United States v. Davis, 919 F.2d 1181, 1187 (6th Cir.1990) ("Where, as here, the guideline range was properly computed, the district court was not unaware of its discretion to depart from the guideline range, and the sentence was not imposed in violation of law or as a result of an incorrect application of the guidelines, the failure to depart is not cognizable on appeal under 18 U.S.C. § 3742(a)."); United States v. Draper, 888 F.2d 1100, 1105 (6th Cir.1989) ("A sentence which is within the Guidelines, and otherwise valid, as is the case here, is not appealable on the grounds that the sentencing judge failed to depart from the Guidelines on account of certain factors which the defendant feels were not considered by the Guidelines and should reduce his sentence.").
 
 
 38
 Because "jurisdiction is lacking under the Guidelines to hear appeals based on a district court's failure to depart downward enough to satisfy the defendant," United States v. Gregory, 932 F.2d at 1169, we will not address the merits of Adeshina's appeal.
 
 III.
 
 39
 We DISMISS Adeshina's appeal for lack of jurisdiction.