**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Denise GREGORY,
Defendant–Appellant.**

**No. 90–5695.**

United States Court of Appeals,
Sixth Circuit.

Argued Feb. 12, 1991.

Decided May 13, 1991.

Frederick H. Godwin, Cam Towers Jones (argued), Asst. U.S. Attys., Memphis, Tenn., for plaintiff-appellee.

Patrick F. Martin (argued), Hardee & Martin, Jackson, Tenn., for defendant-appellant.

Before KENNEDY and JONES, Circuit Judges, and CHURCHILL,* Senior District Judge.

NATHANIEL R. JONES, Circuit Judge.

Defendant Denise Gregory pled guilty to involvement in a cocaine distribution conspiracy and was sentenced according to the provisions of the United States Sentencing Guidelines. The district court reduced Gregory's sentence based on her cooperation. The issue presented concerns the jurisdiction of this court to hear an appeal based on the degree of the district court's downward departure.

I

Gregory was indicted along with two co-defendants, Dennis Cartner and Jimmy Cal Jackson, on November 8, 1989 by a federal grand jury.[1] Gregory entered a guilty plea to the charge of conspiracy to distribute cocaine, in violation of 21 U.S.C. § 846. At the sentencing hearing, the district court set her base offense level at twenty-six. The district court then subtracted three levels due to Gregory's reduced role in the offense. Two more levels were subtracted due to acceptance of responsibility, yielding a total base offense level of twenty-one and a criminal history category of one. These levels called for a sentencing range of thirty-seven to forty-six months. Due to the amount of cocaine involved, however, Gregory faced a minimum five-year imprisonment.[2] The district court granted the government's motion, pursuant to Sentenc-

---

* The Honorable James P. Churchill, Senior United States District Judge for the Eastern District of Michigan, sitting by designation.

1. Gregory and Cartner were arrested by undercover narcotics agents in Memphis, Tennessee on November 3, 1989 after paying $28,500.00 in cash for one kilogram of cocaine. Gregory and

Cartner had obtained the money from co-defendant Jackson earlier that day.

2. Under the terms of 21 U.S.C. § 841(b)(1)(B) (1988), persons convicted of possession of more than 500 grams of cocaine "shall be sentenced to a term of imprisonment which may not be less than 5 years[.]"

ing Guidelines section 5K1.1[3], for a downward departure from the mandatory five-year term based on Gregory's substantial cooperation.

In May 1990, the district court held a hearing to determine the extent of the downward departure. Gregory argued for a significant departure because (1) Gregory was not the instigator of the offense, and (2) Gregory's abusive background warranted lenient treatment. Gregory then presented testimonial evidence of her emotional state. The first witness was a clinical therapist who has treated Gregory since 1985. The therapist testified that Gregory: (1) was sexually abused by her stepfather for many years as a child; (2) experienced several business and personal setbacks; and (3) endured a suicidal level of depression at the time preceding her arrest. The therapist also hypothesized that Gregory's abusive background led her to develop overly dependent relationships on men, and that Gregory's involvement in the drug transaction stemmed from her emotional dependency on Cartner. A psychiatrist who had treated Gregory for depression testified that the extensive sexual abuse Gregory suffered as a child, along with current problems, rendered her unable to resist Cartner's suggestion that she assist him in the drug buy. In the words of the psychiatrist, Gregory "is easily intimidated by men whom she regards as authority figures, or at least people who manage to inspire her trust."

At the conclusion of the testimony, counsel for Gregory requested a downward departure "all the way to the point of zero." The district court found, however, that Gregory's history of abuse did not compel her to commit the crime, and sentenced her to thirty-seven months imprisonment. This sentence reflected a departure below the statutory minimum of five years.

## II

Gregory raises three issues on appeal, all of which relate to the district court's failure to depart below the guideline range: (1) Gregory's personal circumstances should have mandated a sentence more than five months shorter than the sentence of her co-defendant Cartner; (2) the district court's finding that the lure of cocaine was responsible for Gregory's role in the crime was clearly erroneous; and (3) the district court abused its discretion by disallowing a further downward departure based on Gregory's diminished capacity.

Gregory acknowledges in her brief that "the focus and direction of this appeal is on the degree of departure." The crux of her argument is that the district court should have given greater credence to the expert testimony presented at the sentencing hearing and reduced her sentence below the guideline range.[4]

As noted above, the district court had already departed below the mandatory five-year minimum sentence required by the amount of cocaine involved. This case thus turns on whether the degree of a trial court's downward departure may be appealed. This court rejected a similar argument in *United States v. Draper*, 888 F.2d

---

**3.** Section 5K1.1 provides that

Upon motion of the government stating that the defendant has provided substantial assistance in the investigation or prosecution of another person who has committed an offense, the court may depart from the guidelines.
(a) The appropriate reduction shall be determined by the court for reasons stated that may include, but are not limited to, consideration of the following:
(1) the court's evaluation of the significance and usefulness of the defendant's assistance, taking into consideration the government's evaluation of the assistance rendered;
(2) the truthfulness, completeness, and reliability of any information or testimony provided by the defendant;

(3) the nature and extent of the defendant's assistance;
(4) any injury suffered, or any danger or risk of injury to the defendant or his family resulting from his assistance;
(5) the timeliness of the defendant's assistance. United States Sentencing Commission, *Guidelines Manual* § 5K1.1 (Nov. 1990).

**4.** Gregory relies on the reasonableness standard articulated in *United States v. Joan*, 883 F.2d 491, 496 (6th Cir.1989). The *Joan* standard, however, was intended to apply to upward, not downward, departures, and is therefore inapposite to the instant case.

1100 (6th Cir.1989). *Draper* held that "[a] sentence which is within the Guidelines, and otherwise valid ... is not appealable on the grounds that the sentencing judge failed to depart from the Guidelines on account of certain factors which the defendant feels were not considered by the Guidelines and should reduce his sentence." *Id.* at 1105. Thus, Gregory's sentence is not appealable under *Draper.* We hold that this court should not accept jurisdiction over appeals based on factors which the appellant argues should have influenced the degree of a downward departure.

The First Circuit follows this approach. *United States v. Pighetti,* 898 F.2d 3, 4 (1st Cir.1990) ("[W]e have no jurisdiction to review the extent of a downward departure merely because the affected defendant is dissatisfied with the quantification of the district court's generosity."). Other circuits have also held that jurisdiction is lacking under the Guidelines to hear appeals based on a district court's failure to depart downward enough to satisfy the defendant. *United States v. Gant,* 902 F.2d 570, 573 (7th Cir.1990) ("It would be anomalous to find that we have jurisdiction over the appeal of a defendant who actually benefited from a downward departure that he regards as being niggardly."); *United States v. Parker,* 902 F.2d 221, 222 (3d Cir.1990) ("[W]e [have] held that we did not have jurisdiction to entertain an appeal when the district court refused to exercise its discretion to depart downward from the guidelines. It surely follows from that holding that we could not possibly have jurisdiction to hear an appeal by the defendant where there has been some downward departure.").

Although we have no jurisdiction over appeals which argue that the district court failed to properly weigh certain factors in departing downward, a defendant may still appeal a sentence "imposed in violation of the law [or] ... imposed as result of an incorrect application of the sentencing guidelines." 18 U.S.C. § 3742(a)(1), (2)(1988). *See United States v. Smith,* 918 F.2d 664, 669 n. 1 (6th Cir.1990) (only through an "express waiver" may a defendant be prevented from appealing under section 3742), *cert. denied sub nom Sargent v. United States,* — U.S. —, 111 S.Ct. 1088, 112 L.Ed.2d 1192 (1991).

### III

For the stated reasons, the judgment and sentence of the district court is AFFIRMED.