948 F.2d 1290
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Peter George BROWN, Defendant-Appellant.
 No. 91-3786.
 United States Court of Appeals, Sixth Circuit.
 Nov. 19, 1991.
 
 Before KENNEDY and NATHANIEL R. JONES, Circuit Judges, and CONTIE, Senior Circuit Judge.
 
 ORDER
 
 1
 This matter is before the court on the defendant's response to the order of September 18, 1991, to show cause why this appeal should not be dismissed.
 
 
 2
 The defendant was convicted and sentenced for conspiracy, possession of cocaine with intent to distribute, distribution of cocaine, and use of a firearm in drug trafficking. The district court entered its judgment of conviction and sentence on May 14, 1990. The defendant took no action. On February 11, 1991, the government filed a motion for reduction of the defendant's sentence based on his substantial assistance and § 5K1.1 of the Sentencing Guidelines. The district court granted the motion, reducing the defendant's sentence on three of the charges from 120 months to 12 months. The sentence on the firearms charge was not reduced. Within ten days, the defendant filed a notice of appeal.
 
 
 3
 The defendant's response to the show cause order makes clear that he wishes to raise on appeal issues related to his conviction. However, a notice of appeal in a criminal case must be filed within ten days of the judgment or order being appealed. Fed.R.App.P. 4(b). In a criminal case, the sentence is the final order for purposes of appeal. The defendant did not timely appeal from his sentence. Further, the modified sentence cannot be considered the final sentence in this case as the government had up to one year to either bring or decline to bring such a motion. See Fed.R.Crim.P. 35(b). To defer an appeal until such a motion has been filed or the time for filing such a motion has lapsed would bring uncertainty into the time for a criminal appeal. Therefore, the defendant's attempt to appeal his conviction and sentence is not timely.
 
 
 4
 Although the defendant did file a notice of appeal within ten days of his modified sentence, this court has held that it "... should not accept jurisdiction over appeals based on factors which the appellant argues should have influenced the degree of a downward departure." United States v. Gregory, 932 F.2d 1167 (6th Cir.1991). The defendant's argument with the modified sentence is one of degree. We lack jurisdiction to review the court's downward departure. See also United States v. Draper, 888 F.2d 1100, 1105 (6th Cir.1989).
 
 
 5
 It therefore is ORDERED that this appeal is dismissed sua sponte for lack of jurisdiction.