996 F.2d 1218
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Arthell MOORE (Case No. 93-5069), Defendant-Appellant,
Johnny E. Pack (Case No. 93-5070), Defendant-Appellant.
 Nos. 93-5069, 93-5070.
 United States Court of Appeals, Sixth Circuit.
 June 22, 1993.
 
 Before GUY and BATCHELDER, Circuit Judges; and PECK, Senior Circuit Judge.
 
 ORDER
 
 1
 Arthell Moore appeals the 42 month sentence imposed pursuant to his plea of guilty to a charge of conspiracy to manufacture marijuana. Johnny E. Pack appeals the 44 month sentence imposed pursuant to his plea of guilty to the same charge. The government now moves to dismiss these consolidated appeals for lack of appellate jurisdiction. The defendants have not filed a response to the government's motion. However, this court has reviewed the defendants' appellate brief which was filed on April 14, 1993.
 
 
 2
 In these cases, the defendants were sentenced according to the provisions of the United States Sentencing Guidelines. Pursuant to a motion by the government for a downward departure under § 5K1.1 of the Guidelines, each defendant was sentenced below the applicable guideline range. The defendants do not allege that their sentences were "imposed in violation of the law [or] ... imposed as a result of an incorrect application of the sentencing guidelines." 18 U.S.C. § 3742(a)(1), (2) (1988). Under these circumstances, the court concludes that there are no cognizable issues for appeal in these cases. See United States v. Gregory, 932 F.2d 1167 (6th Cir.1991). ("We hold that this court should not accept jurisdiction over appeals based on factors which the appellant argues should have influenced the degree of downward departure."). "Absent a defendant's identification of a specific legal error in the formulation of the sentence, this court has no jurisdiction to review sentences within the guideline range." United States v. Lovins, No. 92-6153, slip op. at 3-4 (6th Cir. May 26, 1993) (citation omitted).
 
 
 3
 It is therefore ORDERED that the government's motion to dismiss is granted.