16 F.3d 1221
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Mohammad ABU-NADA, Defendant-Appellant.
 No. 93-3322.
 United States Court of Appeals, Sixth Circuit.
 Feb. 8, 1994.
 
 Before: MARTIN and BATCHELDER, Circuit Judges, and CELEBREZZE, Senior Circuit Judge.
 
 ORDER
 
 1
 Mohammad Abu-Nada appeals his conviction and the sentence imposed following his plea of guilty to distribution of crack cocaine in violation of 21 U.S.C. Sec. 841(a)(1) and (b)(1)(A), and laundering of monetary instruments in violation of 18 U.S.C. Sec. 1956(a)(1)(A). His counsel has filed a motion to withdraw under Rule 12(d), Rules of the Sixth Circuit, and a "no merit brief" pursuant to Anders v. California, 386 U.S. 738 (1967). Although advised that he was entitled to do so, Abu-Nada has not filed a response. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Upon review, we conclude that the appeal is frivolous.
 
 
 3
 Pursuant to a Fed.R.Crim.P. 11 plea agreement, Abu-Nada pleaded guilty to two counts of a five-count indictment. The remaining counts were dismissed and the government agreed to file a motion for a downward departure based on substantial assistance. Review of the transcript of the plea proceeding establishes that the guilty plea was voluntary and knowing. See Brady v. United States, 397 U.S. 742, 749 (1970). The district court judge determined that Abu-Nada understood the charges, the maximum and minimum mandatory penalties, the rights he was waiving, and the consequences of his plea. Abu-Nada further stated that he was pleading guilty because he was in fact guilty. Any assertion by Abu-Nada that his plea is invalid is frivolous.
 
 
 4
 Abu-Nada's appeal from his sentence is also frivolous. At sentencing, the government moved for a downward departure pursuant to 18 U.S.C. Sec. 3553(e) based on a determination that Abu-Nada had provided substantial assistance. In spite of a mandatory minimum sentence of 120 months for the drug trafficking offense and a sentencing range of 168 to 210 months based on the offense level calculation, the district court imposed concurrent 97-month sentences. The district court is authorized to depart from a mandatory minimum sentence upon the motion of the government under 18 U.S.C. Sec. 3553(e) and U.S.S.G. Sec. 5K1.1. The extent of the departure is not subject to review. United States v. Gregory, 932 F.2d 1167, 1169 (6th Cir.1991).
 
 
 5
 Additionally, we note that, in support of mitigation of sentence, Abu-Nada's wife advised the court of family hardships resulting from the criminal proceedings. A departure based on family considerations is appropriate under U.S.S.G. Sec. 5H1.6 when extraordinary circumstances are present. United States v. Brewer, 899 F.2d 503, 508 (6th Cir.), cert. denied, 498 U.S. 844 (1990). Nonetheless, where the district court is aware of its authority to depart, as evidenced here, the failure to depart is not appealable. See United States v. Draper, 888 F.2d 1100, 1105 (6th Cir.1989).
 
 
 6
 Accordingly, counsel's motion to withdraw is granted and the district court's judgment is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.