72 F.3d 130
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Danny D. ANDERSON, Defendant-Appellant.
 Nos. 95-5369, 95-5370.
 United States Court of Appeals, Sixth Circuit.
 Dec. 1, 1995.
 
 1
 Before: MARTIN and JONES, Circuit Judges, and COHN, District Judge.*
 
 ORDER
 
 2
 Danny D. Anderson appeals his convictions for being a felon in possession of a firearm and for conspiring to distribute cocaine and marijuana, in violation of 18 U.S.C. Secs. 922(g)(1), 924(a)(2) and 924(e)(1), as well as 21 U.S.C. Sec. 846. His appeal has been referred to a panel of this court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, the panel unanimously agrees that oral argument is not needed in this case. Fed.R.App.P. 34(a).
 
 
 3
 Anderson pleaded guilty to these charges in 1994. On February 24, 1995, the district court sentenced him to an aggregate term of 94 months of imprisonment and three years of supervised release. It is from this judgment that Anderson now appeals.
 
 
 4
 Anderson's attorney has filed a motion to withdraw with a brief indicating that there are no non-frivolous issues that may be raised on appeal. See Anders v. California, 386 U.S. 738, 744 (1967). As a potential issue, counsel notes that the district court could have reduced Anderson's sentence further under 18 U.S.C. Sec. 3553(e) and USSG Sec. 5K1.1. Anderson has filed a reply to counsel's brief, in which he argues primarily that his sentence was improperly enhanced because his prior convictions for burglary were not violent felonies within the meaning of 18 U.S.C. Sec. 924(e). He also requests the appointment of new counsel on appeal.
 
 
 5
 An independent review of the record reveals no substantial issues that would support an appeal in this case. The transcript of Anderson's re-arraignment indicates that his guilty plea was valid and that the trial judge substantially complied with the requirements of Fed.R.Crim.P. 11. See Brady v. United States, 397 U.S. 742, 749 (1970). The court determined that Anderson was competent and that he understood the constitutional rights that he was waiving, the nature of the charges against him and the consequences of his plea. Anderson acknowledged the factual basis of his plea and clearly indicated that his decision to plead guilty was voluntary.
 
 
 6
 A presentence investigation report indicated that Anderson was an armed career criminal within the meaning of USSG Sec. 4B1.4. It projected a sentencing range of 188 to 235 months of incarceration. It also indicated that a minimum sentence of 15 years was mandated by Sec. 924(e)(1). Anderson and his attorney stated that they had no objections to this report. However, the government moved for imposition of a sentence below the statutory minimum because Anderson had provided substantial assistance in the investigation of others. The district court accepted the government's recommendation and sentenced Anderson to 98 months of imprisonment.
 
 
 7
 The arguments that Anderson and his attorney now raise were not presented to the district court. Therefore, they are waived for purposes of appellate review, in the absence of plain error that affects Anderson's substantial rights. See United States v. Thomas, 24 F.3d 829, 832 (6th Cir.), cert. denied, 115 S.Ct. 453 (1994).
 
 
 8
 Counsel now suggests only that the district court may have abused its discretion because it did not grant more of a downward departure. However, the district court recognized its discretion to depart downward, and the extent of its departure under 18 U.S.C. Sec. 3553(e) and USSG Sec. 5K1.1 is simply not appealable. See United States v. Velez, 1 F.3d 386, 389 (6th Cir.1993); United States v. Gregory, 932 F.2d 1167, 1168-69 (6th Cir.1991).
 
 
 9
 In his reply, Anderson argues that he should not have been sentenced as an armed career offender under Sec. 924(e), because his prior convictions did not involve the burglary of a dwelling. He also argues that the sentencing court should have considered whether his prior convictions involved violence and that he was denied the effective assistance of counsel because his attorney did not raise these arguments at sentencing. However, the definition of burglary in Sec. 924(e) includes crimes that have the basic elements of "an unlawful or unprivileged entry into, or remaining in, a building or other structure, with intent to commit a crime." Taylor v. United States, 495 U.S. 575, 598 (1990). Anderson's prior burglary convictions are encompassed by this definition. See Tenn.Code.Ann. Sec. 39-3-404 (1982) (repealed 1989); United States v. Anderson, 923 F.2d 450, 454 (6th Cir.), cert. denied, 499 U.S. 980 and 500 U.S. 936 (1991). Thus, the sentencing court was not required to look beyond Anderson's convictions and the language of the Tennessee statute before finding that his prior offenses were violent felonies within the meaning of Sec. 924(e). See Taylor, 495 U.S. at 602.
 
 
 10
 No other potential error is apparent from the present record. While Anderson now suggests that his attorney should have investigated the applicability of Sec. 924(e) before sentencing, the present record does not indicate that counsel's performance was deficient in a constitutional sense. Therefore, any Sixth Amendment claim that Anderson might have would properly be raised in a motion to vacate his sentence under 28 U.S.C. Sec. 2255, rather than on direct appeal. See United States v. Carr, 5 F.3d 986, 993 (6th Cir.1993).
 
 
 11
 Accordingly, counsel's motion to withdraw is granted. Anderson's motion for new counsel is denied, and the district court's judgment is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Avern Cohn, United States District Judge for the Eastern District of Michigan, sitting by designation