92 F.3d 1186
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Wendell B. DANIELS, Defendant-Appellant.
UNITED STATES of America, Plaintiff-Appellee
v.
Frank RENFROE, Defendant-Appellant,
 Nos. 95-1690, 95-1691.
 United States Court of Appeals, Sixth Circuit.
 Aug. 5, 1996.
 
 On Appeal from the United States District Court for the Eastern District of Michigan, No. 89-80875; Lawrence P. Zatkoff, Judge.
 E.D.Mich. [Opinion after remand from 30 F.3d 135].
 AFFIRMED.
 Before: KEITH, BOGGS and COLE, Circuit Judges.
 PER CURIAM.
 
 
 1
 Defendants, Wendell Daniels and Frank Renfroe, appeal their sentences imposed by the district court for the underlying convictions for conspiracy to possess cocaine in violation of 21 U.S.C. § 846 (1988) and possession of cocaine with intent to distribute in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2 (1988). Daniels also appeals his sentence for the underlying conviction for distribution of cocaine in violation of 21 U.S.C. § 846(a)(1) and 18 U.S.C. § 2. Because this Court has twice before ruled on the defendants' claims and since the defendants have had adequate opportunity to raise these claims in their previous appeals, we AFFIRM the lower court's judgment.
 
 I.
 
 2
 On January 4, 1990, the grand jury returned a multi-count indictment against Daniels and Renfroe and two of their codefendants charging all four with conspiracy to distribute cocaine in an amount equal to or greater than five kilograms in violation of 21 U.S.C. § 846 and possession of cocaine with intent to distribute in violation of 21 U.S.C. § 846(a)(1) and 18 U.S.C. § 2. Daniels was also charged with distribution of cocaine in violation of 21 U.S.C. § 846(a)(1) and 18 U.S.C. § 2.
 
 
 3
 Daniels, Renfroe and one other codefendant proceeded to trial on June 11, 1990 and were convicted as charged eleven days later. Following the sentencing hearings held in August and September of 1990, the district court determined that Daniels and Renfroe had the intent to purchase twenty-five kilograms of cocaine and that they were reasonably capable of producing the funds necessary to accomplish their intended purchase. Daniels was sentenced to 300 months of imprisonment and Renfroe received 294 months.
 
 
 4
 The defendants appealed their convictions and sentences, and on December 26, 1991, a panel of this Court affirmed their convictions. United States v. Daniels, et al., 951 F.2d 350, 1991 WL 278797 (6th Cir. Dec. 26, 1991) (Nos. 90-1986/1987/2018) (unpublished opinion). However, the panel remanded the case for reconsideration of the defendants' sentences in light of this Court's pending en banc decision in United States v. Gessa, in which we addressed the proper method of calculating the quantity of negotiated drugs in an incomplete drug transaction ("conversational cocaine") for sentencing purposes. 971 F.2d 1257 (6th Cir.1992) (en banc). In Gessa, we concluded that under Guidelines § 2D1.4, in order to include drugs from a negotiated but incomplete drug transaction for sentencing purposes, the court must find the defendant intended to produce the particular quantity of drugs or money to complete the transaction and that the defendant was in fact reasonably capable of completing the transaction. Gessa, 971 F.2d at 1263. Following Gessa, the district court reaffirmed the defendants' original sentences, noting that it had followed Gessa 's requirements at the initial sentencing. Daniels and Renfroe appealed their resentencing.
 
 
 5
 On the second appeal, a panel of this Court determined that the record did not support the district court's finding that Daniels and Renfroe intended to purchase and were capable of purchasing twenty-five kilograms of cocaine. United States v. Renfroe, 30 F.3d 135, 1994 WL 409511 (6th Cir. Aug. 4, 1994) (Nos. 93-2067/2074) (unpublished opinion). After reviewing the record, the panel concluded that fifteen and one-half kilograms was the proper amount. Renfroe, 1994 WL 409511 at ** 5. Accordingly, the defendants' sentences were vacated and the case was remanded for a third sentencing. Id.
 
 
 6
 At the third sentencing hearing, Daniels and Renfroe conceded that the Renfroe panel's attribution of fifteen and one-half kilograms of cocaine would place them in the same sentencing range as the previous twenty-five kilogram finding. However, they argued that the court should grant a downward departure pursuant to Guidelines § 2D1.1, because the price for the ten kilograms of "conversational cocaine" was substantially below market value. Over the government's objection, the district court departed downward two levels and resentenced the defendants to lesser terms of imprisonment. Daniels was sentenced to 240 months of imprisonment and Renfroe received 236 months. This appeal followed.
 
 II. ANALYSIS
 
 7
 On appeal, Daniels and Renfroe contend the lower court erred in (1) considering the ten and one-half kilograms of "conversational cocaine" when it rendered its sentencing decision; (2) concluding Daniels played a managerial role in the subject crimes; and (3) refusing to depart downward to a greater extent than it did on Renfroe's sentence. The United States contends that this Court is precluded from granting relief on the first and second arguments pursuant to the "law of the case doctrine" and for failure to raise the issue in the court below, and that this Court lacks jurisdiction to hear the third issue. We agree.
 
 
 8
 First, Daniels and Renfroe claim the district court erred when it used fifteen and one-half kilograms as its measure for sentencing purposes. Specifically, both assert that the lower court's inclusion of the "conversational cocaine" for sentencing purposes was in error, because there was no evidence they had the ability to purchase that amount of cocaine. The United States counters that the defendants' appeal is barred by the "law of the case doctrine" because this Court has already ruled on the merits of their claims in Renfroe, 1994 WL 409511 at ** 4-5.
 
 
 9
 Under the "law of the case doctrine," findings made at one point in litigation become the law of the case for subsequent stages of that same litigation. United States v. Moored, 38 F.3d 1419, 1421 (6th Cir.1994). A complementary doctrine, the "mandate rule," requires that the lower court follow the dictates of the superior court. Id., 38 F.3d at 1421. In Renfroe, this Court explicitly held:
 
 
 10
 After careful review of the record, we conclude that the defendants [Wendell Daniels and Frank Renfroe] are, beyond any possibility of doubt, responsible for five and one-half kilos of cocaine that were sold or negotiated for sale with the FBI undercover agent in December, 1989.
 
 
 11
 ....
 
 
 12
 ... We conclude that the record supports attribution of ten kilograms of "conversational cocaine" to the defendants as a result of the October telephone calls, for a total attributable amount of 15 1/2 kilos. We therefore REMAND this case to the district court to permit sentencing within the appropriate range, based upon this amount of cocaine.
 
 
 13
 1994 WL 409511 at ** 4-5. The Renfroe panel was extremely clear in directing the lower court to apply a level of cocaine the panel found was supported by the record. Thus, given the absence of any evidence that the lower court clearly erred or did not follow this Court's mandate,[1] the defendants' claims are barred by the law of the case doctrine.
 
 
 14
 Second, Daniels argues that his sentence should have been reduced because he did not play a managerial role in the crime committed. A defendant may not raise a sentencing issue for the first time on appeal, United States v. French, 974 F.2d 687, 696-97 (6th Cir.1992), cert. denied, 113 S.Ct. 1012 (1993); United States v. Nagi, 947 F.2d 211 (6th Cir.1991), cert. denied, 504 U.S. 958 (1992), unless refusal to hear the appeal results in manifest injustice. French, 974 F.2d at 697. There is no evidence that Daniels raised this claim before this appeal, although the record clearly indicates that he had the opportunity to do so. Furthermore, there is no evidence that Daniels was in any way prohibited from raising this claim or that denying his appeal will result in manifest injustice. Accordingly, Daniels' claim is barred.
 
 
 15
 Finally, Renfroe argues that the lower court should have departed downward even further than it did when it resentenced him for the offense at issue. Specifically, Renfroe argues that he was entitled to a more substantial downward departure because the government decided to unfairly lure him into buying cocaine by first suggesting a small amount and then offering to help pay for half of a much larger quantity of drugs. He also asserts that prosecutors colluded with the agents in order to arrive at a quantity they knew Renfroe could not afford. It is clearly established that this Court does not have jurisdiction to hear a defendant's appeal of the degree to which the lower court departs downward from an otherwise valid sentence. United States v. Gregory, 932 F.2d 1167 (6th Cir.1991). As Renfroe challenges only the weight accorded certain facts by the lower court pursuant to its decision to depart downward, his claim here also fails.
 
 III.
 
 16
 For the reasons above, the decision of the Honorable Lawrence P. Zatkoff of the United States District Court for the Eastern District of Michigan is AFFIRMED.
 
 
 
 [1]
 The government does not challenge the extent to which the lower court departed downward from this Court's drug quantity determination