95 F.3d 1153
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Carlos Arturo ACOSTA, Defendant-Appellant.
 No. 95-6300.
 United States Court of Appeals, Sixth Circuit.
 Aug. 20, 1996.
 
 Before: MARTIN, KRUPANSKY, and DAUGHTREY, Circuit Judges.
 
 
 1
 iORDERi
 
 
 2
 Carlos Arturo Acosta appeals a district court judgment of conviction and sentence following Acosta's guilty plea to aiding and abetting the possession with intent to distribute cocaine in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2. The district court sentenced Acosta to sixty months of imprisonment and five years of supervised release and imposed a $50 special assessment. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 In this timely appeal, Acosta's counsel has filed a motion to withdraw her representation and a brief pursuant to Anders v. California, 386 U.S. 738 (1967), in which she argues that: 1) the district court insufficiently departed downward from the guideline range in sentencing Acosta; and 2) the district court improperly denied Acosta's motion to suppress. Acosta has not responded to his counsel's motion to withdraw.
 
 
 4
 Upon review, we conclude that Acosta's arguments are without merit. While Acosta argues that the district court should have departed downward further from the guideline range when sentencing him, the extent of the court's departure under USSG § 5K1.1 is not an appealable issue. See United States v. Gregory, 932 F.2d 1167, 1168-69 (6th Cir.1991). Acosta has waived his right to challenge the district court's denial of his motion to suppress because he did not enter into a conditional guilty plea pursuant to Fed.R.Crim.P. 11(a)(2). Therefore, his guilty plea waives any challenge to his conviction. See Tollett v. Henderson, 411 U.S. 258, 261-67 (1973). Lastly, the court has carefully examined the record in this case, including the transcripts of Acosta's plea and sentencing, and concludes that no reversible error is apparent from the record.
 
 
 5
 Accordingly, we grant counsel's motion to withdraw and affirm the district court's judgment. Rule 9(b)(3), Rules of the Sixth Circuit.