103 F.3d 131
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
David McFADGON, Defendant-Appellant.
 Nos. 95-5936, 95-5937.
 United States Court of Appeals, Sixth Circuit.
 Dec. 13, 1996.
 
 Before: MARTIN, Chief Judge; ENGEL and COLE, Circuit Judges.
 PER CURIAM.
 
 
 1
 David McFadgon pleaded guilty to a charge of possession of twenty-four (24) grams of cocaine base with intent to distribute in violation of 21 U.S.C. § 841(a)(1) and to a charge of failure to appear in violation of 18 U.S.C. § 3146(a)(1). Claiming that the district court erred in its application of the sentencing guidelines, David McFadgon appeals his sentence on the drug trafficking charge.
 
 
 2
 Following McFadgon's guilty plea on the drug trafficking and failure to appear charges, the probation office prepared a Presentence Investigation Report. That report determined that McFadgon's Total Offense Level was twenty-eight (28): a twenty-six (26) Base Offense Level plus a two (2) level increase for obstruction of justice stemming from his failure to appear before the district court. McFadgon was assigned a Criminal History Category of V. These determinations yielded a guideline sentence range on the drug trafficking conviction of 10 years, 10 months to 13 years, 6 months imprisonment.
 
 
 3
 Pursuant to United States Sentencing Guideline § 5K2.13, the district court departed downward from the guideline range based on McFadgon's diminished capacity. This departure reduced McFadgon's sentence to six years, eight months on the cocaine base conviction.
 
 
 4
 Claiming that the crack cocaine guideline was invalid, McFadgon filed a motion with the district court requesting the court to further depart from that guideline. McFadgon relied on a February, 1995 Sentencing Commission report in which the Commission concluded that the 100:1 ratio of crack cocaine to powder cocaine in section 2D1.1 of the sentencing guidelines should be revised downward. United States Sentencing Commission, Special Report to the Congress: Cocaine and Federal Sentencing (1995). Asserting that this report demonstrated an "aggravating or mitigating" circumstance. McFadgon argued that the district court should impose a sentence outside the guideline range as permitted by 18 U.S.C. § 3553(b). McFadgon also asserted that the crack cocaine guideline is invalid because the report indicates the Sentencing Commission did not comply with the enabling statute when it formulated the guideline. The district court refused to grant a further downward departure on these grounds, and McFadgon filed this appeal.
 
 
 5
 We find McFadgon's arguments unpersuasive. Neither the denial of a departure nor the extent of a departure is appealable. United States v. Pickett, 941 F.2d 411, 417-18 (6th Cir.1991); United States v. Gregory, 932 F.2d 1167, 1168-69 (6th Cir.1991). Moreover, we find no merit in McFadgon's contention that the Sentencing Commission did not comply with the enabling statute in originally formulating the crack cocaine guideline.
 
 
 6
 ACCORDINGLY, we affirm the judgment of the district court.