103 F.3d 131
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Kelly James MORAN, Defendant-Appellant.
 No. 95-4227.
 United States Court of Appeals, Sixth Circuit.
 Dec. 13, 1996.
 
 Before: MERRITT, KENNEDY and GUY, Circuit Judges.
 PER CURIAM.
 
 
 1
 Defendant Kelly Moran appeals from the sentence imposed by the district court following his plea of guilty to one count of illegally possessing a firearm after having been convicted of three prior violent felonies. See 18 U.S.C. §§ 922(g)(1), 924(e).
 
 
 2
 On appeal, defendant argues the district judge erred when, after granting the government's motion for a downward departure based upon defendant's substantial cooperation, she refused to sentence below the statutory minimum.
 
 
 3
 Our review of the record reveals no error and we AFFIRM.
 
 
 4
 l.
 
 
 5
 Defendant pleaded guilty pursuant to a plea agreement, an addendum to which provided:
 
 
 6
 Finally, the United States Attorney for the Southern District of Ohio agrees that if Defendant provides substantial assistance in the investigation and/or prosecution of others who have committed criminal offenses, the United States Attorney will move the court pursuant to 18 U.S.C. § 3553(e) and/or § 5K1.1 of the Federal Sentencing Guidelines for an appropriate departure from the otherwise applicable guideline range for Defendant's sentence and will in connection therewith make known to the Court the nature and extent of Defendant's assistance. Defendant understands that whether such motion should be made lies within the discretion of the United States Attorney and that whether and to what extent such motion should be granted are solely matters for determination by the Court.
 
 
 7
 (App. 43.)
 
 
 8
 The presentence report, prepared after defendant's guilty plea was entered, computed his offense level at 30 and his criminal history at level VI. This resulted in a sentencing range of 168 to 210 months. However, because of an applicable mandatory minimum of 180 months, the guideline range became 180 to 210 months.
 
 
 9
 Just prior to sentencing, the government filed a U.S.S.G. § 5K1.1 departure motion based on defendant's substantial assistance. At sentencing, the government also made an oral motion pursuant to 18 U.S.C. § 3553(e) to depart below the statutory minimum sentence.
 
 
 10
 The district judge granted the § 5K1.1 motion and departed downward to an offense level of 29 resulting in a new guideline range of 151-188 months. The judge refused, however, to depart below the 180-month statutory minimum and imposed a sentence of 180 months. The trial judge stated:
 
 
 11
 THE COURT: I will state my tentative sentence, and I will give you the opportunity to comment. I have already said that I will grant the Government's motion. However, Mr. Moran's criminal history is very concerning (sic) to the Court. His predatory behavior represents a danger to the community.
 
 
 12
 I am willing to depart downward by one level to level 29 which would result in a sentencing range of 151 to 188 months. And I would be, therefore, willing to impose a sentence of 180 months to be served consecutively to the State sentence which he is currently serving, followed by a three-year period of supervised release under the standard conditions in the Southern District of Ohio.
 
 
 13
 (App. 69.)
 
 
 14
 Neither defendant nor his counsel made any comments or objections to the court's sentence.
 
 II.
 
 15
 Defendant's contention that the court granted the government motion to depart below the statutory minimum and then failed to do so is not supported by the record. It is clear the judge granted the § 5K1.1 motion but refused to grant the § 3553(e) motion:
 
 
 16
 THE COURT: And that puts us under the guidelines of a sentencing range of 168 to 210 months. However, 18 United States Code, Section 924(e)(1) provides a statutory mandatory minimum sentence of 180 months.
 
 
 17
 The Government has moved for a downward departure pursuant to Section 5K1.1 based on Mr. Moran's assistance to the Bureau of Alcohol, Tobacco and Firearms in an ongoing investigation.
 
 
 18
 (App. 67.)
 
 
 19
 THE COURT: I will grant the Government's motion. I will bring to counsel's attention that this offense carries a statutory mandatory minimum sentence, and the Court cannot depart below this mandatory minimum absent a motion from the United States pursuant to 18 United States Code Section 3555 [sic]. The Government has not moved for it to go farther below the statutory minimum sentence. And the State might tend to--
 
 
 20
 MR. PETERS: Your Honor, if I may, I believe that's an oversight on my part, and I would move to amend that motion right now to reflect the statutory section the Court cited and apologize to the Court.
 
 
 21
 THE COURT: I will state my tentative sentence, and I will give you the opportunity to comment. I have already said that I will grant the Government's motion. However, Mr. Moran's criminal history is very concerning (sic) to the Court. His predatory behavior represents a danger to the community.
 
 
 22
 I am willing to depart downward by one level to level 29 which would result in a sentencing range of 151 to 188 months. And I would be, therefore, willing to impose a sentence of 180 months to be served consecutively to the State sentence which he is currently serving, followed by a three-year period of supervised release under the standard conditions in the Southern District of Ohio.
 
 
 23
 (App. 68-69.)
 
 
 24
 [THE COURT]: And I would at this point for the record state that Mr. Moran is hereby adjudged guilty of Count 3 of the indictment, and that is being an armed career criminal, in violation of Title 18, Section 922(g)(1) and 924(e) of the United States Code.
 
 
 25
 Ms. Dixon, comments?
 
 
 26
 MS. DIXON [defense counsel]: No, Your Honor.
 
 
 27
 (App. 70.)
 
 
 28
 The district judge then proceeded to impose the 180-month sentence without objection.
 
 III.
 
 29
 Defendant's other arguments all can be summarized as constituting a protest that the downward departure was not great enough. We have no jurisdiction to review a sentencing court's refusal to grant a downward departure below the statutory minimum if the sentence imposed was within the guideline range as it was here. United States v. Gregory, 932 F.2d 1167, 1169 (6th Cir.1991). Where there is no error and the sentence was otherwise lawful, a failure to make a downward departure is not subject to review. United States v. Davis, 919 F.2d 1181, 1187 (6th Cir.1990).
 
 
 30
 Even if we had jurisdiction, we would find no error in this court's refusal to lower the sentence further. In 1979, on separate occasions, defendant raped a woman at gunpoint, kidnapped another and tried to rape her, and robbed a third woman after kidnapping and trying to rape her. Pursuant to convictions for three offenses, defendant spent eight years in jail before being paroled. In 1987, nine months after being paroled, this defendant beat and tried to rape a woman. Parole was revoked and defendant was returned to jail for another four and one-half years.
 
 
 31
 In 1993, defendant again was paroled and three months later was arrested for aggravated trafficking in drugs. While the charge was pending, he was arrested for a further drug offense, flight and resisting arrest. Subsequently he failed to attend his sex offender counseling and fled from police who sought to question him in connection with a murder investigation. While still in fugitive status, he committed the offenses[1] which resulted in the federal prosecution.
 
 
 32
 We find no error in the district court's refusal to grant further relief to defendant given his long record of violent criminal activity and the recent serious offenses he committed.
 
 
 33
 AFFIRMED.
 
 
 
 [1]
 Although plaintiff pleaded guilty to one count of illegally possessing a firearm, he was charged in a four-count indictment