**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Albert C. LEE, Defendant–Appellant.**

**No. 01–5512.**

United States Court of Appeals,
Sixth Circuit.

Sept. 17, 2001.

Before DAUGHTREY, GILMAN, and GIBSON,\* Circuit Judges.

---

\* The Honorable John R. Gibson, United States Circuit Judge for the Eighth Circuit, sitting by designation.

Albert C. Lee, a federal prisoner, appeals the amended judgment imposed following the district court's grant of a government motion to reduce his sentence pursuant to Fed.R.Crim.P. 35(b). This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Lee pleaded guilty to 35 counts of a 39–count second superseding indictment, charging him with engaging in a continuing criminal enterprise, and various drug and firearms offenses. The district court sentenced Lee on December 9, 1999, to 252 months in prison and five years of supervised release. This sentence represented a downward departure, pursuant to a government motion under USSG § 5K1 .1, from the applicable guidelines sentencing range of 360 months to life. Lee filed an appeal, docketed in this court as Case No. 99–6713, which was voluntarily dismissed.

On October 10, 2000, the government filed a motion under Rule 35(b) for a further reduction in Lee's sentence due to additional assistance Lee had provided in another prosecution. Following a hearing held on February 27, 2001, the district court resentenced Lee to 230 months in prison; all other conditions of the earlier judgment remained the same. The amended judgment was entered on March 21, 2001.

Lee's court-appointed counsel has filed a brief on appeal and also a motion to withdraw pursuant to *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). After a review of the record, counsel was of the opinion that there were no meritorious grounds for appeal, but did address the issue of whether the district court should have granted a greater reduction in sentence. Lee was notified of his right to respond to his attorney's *Anders* brief, but no response has been received by this court.

Upon consideration, we grant counsel's motion to withdraw because he has filed an acceptable *Anders* brief that concludes, after a review of the entire record, that there are no meritorious grounds for relief and raises the only issue he determined to be arguable. We dismiss the appeal because this court lacks jurisdiction over the issue raised.

At the hearing held on this motion, the government asked the district court to reduce Lee's sentence from 252 months to 240 months. Lee requested a greater departure, in part because he was physically assaulted as a result of his testimony. Noting that Lee did put himself at considerable risk when he cooperated with the government in the prosecution in question, the district court granted the Rule 35(b) motion to reduce Lee's sentence, but departed downward to 230 months, ten months lower than the government requested.

This court lacks jurisdiction to review a district court's failure to depart downward enough to satisfy the defendant. *United States v. Gregory*, 932 F.2d 1167, 1169 (6th Cir.1991). We have independently reviewed the record for possible issues which would merit relief and have found none.

Accordingly, counsel's motion to withdraw is granted. Because the extent of the district court's reduction in sentence is not reviewable on appeal, the appeal is dismissed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.