**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Antonio JENKINS, Terry Lorenzo Cork, Defendants–Appellants.**

**Nos. 00–5655, 00–6006.**

United States Court of Appeals,
Sixth Circuit.

Feb. 21, 2002.

Before MARTIN, Chief Judge, BATCHELDER, Circuit Judge; SARGUS, District Judge.[*]

SARGUS, District Judge.

Antonio Jenkins and Terry Cork, appellants herein, appeal their sentences for bank robbery, together with using and carrying a firearm during a crime of violence. For the reasons that follow, this Court AFFIRMS both sentences.

[*] The Honorable Edmund A. Sargus, Jr., United States District Judge for the Southern District of Ohio, sitting by designation.

**I.**

On August 17, 1999, a federal grand jury in the Western District of Tennessee returned an indictment charging both Cork and Jenkins with bank robbery, in violation of 18 U.S.C. § 2113, and using and carrying a firearm during and in relation to a crime of violence, in violation of 18 U.S.C. § 924(c). Both Cork and Jenkins subsequently entered pleas of guilty to both counts.

On August 26, 2000, the district court sentenced Jenkins to a term of 60 months on count one and a consecutive 50 month sentence on count two. At his sentencing, Jenkins argued that he was only a minor or minimal participant in the bank robbery and was therefore entitled to a role adjustment pursuant to Section 3B1.2 of the Federal Sentencing Guidelines. The district court denied such a reduction, explaining that "[h]is role was not substantially less culpable than the average participant in a bank robbery, although his decision to participate may have been a more casual one than his codefendants when we look at the facts of this bank robbery." According to the district court, "[e]ach of the participants carried out his own part that was important to the success of the robbery."

Jenkins also contended that his criminal history category of V significantly overrepresented the seriousness of his criminal past and the likelihood that he would commit future crimes. The district court also rejected this argument, in light of the three theft offenses, one criminal trespass and an aggravated burglary for which the defendant had been previously convicted. The district court concluded that the criminal history category was "highly representative of the likelihood that he will commit other offenses." The court also noted that

"the seriousness of his criminal conduct is escalating."

Prior to sentencing, the Government made a § 5K1.1 a motion under U.S.S.G. § 5K1.1 on behalf of Cork, citing his cooperation with federal prosecutors in another bank robbery and Cork's cooperation with state prosecutors in an unsolved homicide. Without consideration of the § 5K1.1 motion, Cork faced a guideline sentencing range on the bank robbery charges of 210 to 240 months imprisonment, together with an additional 60 month sentence on the firearms charge, to be served consecutive to the sentence on the bank robbery charge. Consequently, for guideline sentencing purposes, both charges yielded a potential sentencing range of 270 months to 300 months of imprisonment, without consideration of the Section 5K1.1 motion.

As a result of the § 5K1.1 motion made by the Government, the district court imposed a total sentence of 210 months, including 150 months on count one and a consecutive sentence if 60 months on count two. The combined sentence was 60 months below the minimum sentence called for by the guidelines and 90 months below the maximum called for by the guidelines. The district court explained that it had selected such a reduction under Section 5K1.1 because Cork "stands to benefit on his state charges from his cooperation." Further, the district court noted:

Any benefit the court might give him today is not the only benefit that he will receive from his cooperation ... the court [is] aware that he is going to receive credit or some benefit from state authorities for his cooperation in the state case.

## II.

■ This Court first considers whether the district court erred in denying Jenkins a downward adjustment for being a minor participant in the bank robbery pursuant to U.S.S.G. § 3B1.2. A district court's refusal to grant a role reduction under Section 3B1.2 is reviewed for clear error. *See United States v. Owusu*, 199 F.3d 329, 337 (6th Cir.2000).

Section 3B1.2 of the Sentencing Guidelines provides that a defendant should receive a two-level reduction if "the defendant was a minor participant in any criminal activity." The commentary to the Guidelines defines "minor participant" as "any participant who is less culpable than most other participants, but whose role could not be described as minimal." U.S.S.G. § 3B1.2, cmt. n. 5 (2001).

■ A defendant "whose participation is indispensable to the carrying out of the plan is not entitled to a role reduction" pursuant to § 3B1.2. *United States v. Latouf*, 132 F.3d 320, 332 (6th Cir.1997), *cert. denied*, 523 U.S. 1086, 118 S.Ct. 1543, 140 L.Ed.2d 691 (1998). It is undisputed that Jenkins entered the bank at the time of the robbery with his codefendants. It is also undisputed that he carried the "money bag" into the bank. These facts alone establish that Jenkins played an indispensable role in the robbery. While Jenkins claimed that he was not armed, tellers at the bank indicated that all of the defendants carried firearms.

The facts in this case are virtually indistinguishable from those found in *United States v. Collins*, No. 99–6315, 2000 WL 1679501 (6th Cir., Nov. 3, 2000). In that case, Defendant Collins entered the bank with codefendants and acted as a guard during the bank robbery. This Court concluded that by "actually entering the bank and acting as a guard [he] clearly played an indispensable role during the robbery and he was not a minimal or minor participant in the criminal offense." *Id.* at *1.

This Court concludes that the district court did not commit clear error in determining that Jenkins was not entitled to a

finding that he was a minor participant in the bank robbery.

### III.

■ Jenkins further contends that the district court erred in refusing to depart pursuant to U.S.S.G. § 4A1.3. According to Jenkins, the district court erred in failing to find that his computed criminal history significantly overstated the seriousness of his criminal past.

Jenkins does not contend that his criminal history points were incorrectly calculated. He raises no legal challenge to the convictions upon which points were accessed or the method by which such points were scored and determined to yield a criminal history category V.

This Court has previously held that "unless a district court mistakenly believes that it lacks the legal authority to depart below the guideline range," the Court of Appeals lacks jurisdiction to review whether the decision to depart was error. *United States v. Rudolph,* 190 F.3d 720, 722 (6th Cir.1999). It is undisputed that the district court was aware that it had the authority to depart pursuant to U.S.S.G. § 4A1.3. Thus, this Court lacks the jurisdiction to review the district court's denial of a downward departure pursuant to U.S.S.G. § 4A1.3.

### IV.

■ Appellant Cork contends that the district court erred by relying upon improper factors in determining the level of departure under Section 5K1.1 of the Sentencing Guidelines. Cork readily concedes that this Court does not have jurisdiction to review the length of a downward departure under Section 5K1.1. *See United States v. Gregory,* 932 F.2d 1167, 1169 (6th Cir.1991). Instead, Cork contends that his case is indistinguishable from the circumstances found in *United States v. Bureau,* 52 F.3d 584 (6th Cir.1995).

In *Bureau,* this Court found that it had the jurisdiction to review whether a district court properly exercised the discretion conferred by Section 5K1.1. In *Bureau,* this Court held that the district court had improperly failed to exercise its authority under Section 5K1.1 by taking into consideration the possibility that a further reduction could occur, post sentencing, under Fed.R.Crim.P. 35. This Court found that such approach was unlawful and concluded:

> This would merge § 5K1.1 and Rule 35. As we read the Guidelines, the sentencing judge has an obligation to respond to a § 5K1.1 motion and to then state the grounds for action at sentencing without regard to future events.... To do otherwise would be manifestly unfair to the defendant and would in effect be an incomplete exercise of discretion.

*Bureau,* 52 F.3d at 595.

Cork argues that the district court engaged in an incomplete exercise of discretion by announcing that the level of departure fixed by the court was based in part upon the credit or benefit he would receive from state authorities for his cooperation. According to Cork, the mere possibility that a defendant could receive a reduction under Rule 35 was an improper factor for a district court to consider in exercising its authority under Section 5K1.1 as held in *Bureau;* the same error occurred, according to Cork, when the district court here based its level of departure on a future benefit that the defendant might or might not obtain in state court.

This case is distinguishable from *Bureau.* Here, the district court simply referenced the possibility that state authorities might give Cork a sentence reduction as well. The record does not disclose that the district court in any way 'reserved, or intended to reserve, its sentencing discretion for a future date. Instead, the record indicates that the district court recognized

and exercised all of its sentencing discretion under Section 5K1.1. In *Bureau*, this Court was concerned that the district court had chosen to "keep the carrot dangling just out of [the defendant's] reach, thereby continuing the incentive that prompted his presentence cooperation into the post sentence period." *Bureau*, 52 F.3d at 585. From the record below, it is clear that the district court fully exercised its sentencing discretion and in no way reserved any additional discretion for a future date.

For these reasons, the Court concludes that the district court did not err by relying upon improper factors in its consideration of departure under Section 5K1.1.

### V.

Based upon the foregoing, the sentences of the district court are AFFIRMED.