**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Frankie Carl RAMIREZ, aka Frank Nitti, Defendant–Appellant.**

**No. 02–1013.**

United States Court of Appeals, Sixth Circuit.

Nov. 1, 2002.

258

Before KEITH, KENNEDY, and MOORE, Circuit Judges.

---

### ORDER

Frankie Carl Ramirez appeals his judgment of conviction and sentence. The parties have expressly waived oral argument pursuant to Rule 34(j)(3), Rules of the Sixth Circuit, and we agree that oral argument is not necessary. Fed. R.App. P. 34(a).

Ramirez pleaded guilty to a charge that he conspired to possess five kilograms or more of cocaine and fifty grams or more of cocaine base with the intent to distribute them. At sentencing, the government filed a motion for a downward departure below the statutory minimum, pursuant to 18 U.S.C. § 3553(e). The district court granted the motion and sentenced Ramirez to 102 months of imprisonment.

In his timely appeal, Ramirez argues: (1) that the district court should have granted him a greater downward departure than the one he received and, (2) that his Sixth Amendment rights were impinged because two defense attorneys–who never represented him–represented several of his co-defendants.

Upon review, we conclude that Ramirez's contentions lack merit.

██ Ramirez's challenge to the departure is essentially a challenge to the degree of the departure he received. He does not allege that the government bargained away its discretion to make a § 5K1.1 motion under the terms of the plea agreement or that the government withheld the § 5K1.1 motion for unconstitutional reasons. Cf. Wade v. United States, 504 U.S. 181, 185–87, 112 S.Ct.

1840, 118 L.Ed.2d 524 (1992) (holding that the denial of a motion for a departure may not be based on racial discrimination or some other constitutionally impermissible motive). A contention that a downward departure was insufficient in scope or degree is not reviewable. See United States v. Gregory, 932 F.2d 1167, 1169 (6th Cir. 1991) (holding that this court lacks jurisdiction to review district court decisions concerning the size or degree of downward departures).

Implicit in Ramirez's argument is a contention that the court should have made a § 5K1.1 departure in the absence of a motion by the government. The court was not authorized to sua sponte reduce Ramirez's offense level under § 5K1.1. Wade, 504 U.S. at 185–86 (construing 18 U.S.C. § 3553(e) and USSG § 5K1.1 and holding that a district court lacks the authority to effect a "substantial assistance" sentencing reduction in the absence of the appropriate government motion).

██ Ramirez argues that his Sixth Amendment right to conflict-free counsel was impinged because two attorneys represented several of his co-defendants. His contention lacks merit for two reasons. First, Ramirez lacks standing to assert the Sixth Amendment rights of his co-defendants. See United States v. Sims, 845 F.2d 1564 (11th Cir.1988) (holding that defendants do not have standing to assert, in their own defense, the constitutional rights of co-defendants).

Second, Ramirez makes no showing that his defense was affected by the alleged conflict. To succeed in bringing a claim that counsel was ineffective because he operated with a conflict of interest, "a defendant who raised no objection [to the conflict] at trial must demonstrate that an actual conflict of interest adversely affected his lawyer's performance." Cuyler v. Sullivan, 446 U.S. 335, 348, 100 S.Ct. 1708,

64 L.Ed.2d 333 (1980). Although no preju-
dice need be shown, *id.* at 349–50, Ra-
mirez's contention fails to raise even a
colorable claim that his defense was affect-
ed, even if we assume that he has standing
to make the claim.

Accordingly, we affirm the district
court's judgment.