UNITED STATES of America,
Plaintiff–Appellee,

v.

Michael Ray GREGORY, Defendant–Appellant.

No. 02–4072.

United States Court of Appeals,
Sixth Circuit.

May 7, 2003.

Before KENNEDY, SILER, and GILMAN, Circuit Judges.

*ORDER*

Michael Ray Gregory appeals his judgment of conviction and sentence. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

In April 2002, Gregory pleaded guilty to bank robbery in violation of 18 U.S.C. § 2113, assault on a law enforcement officer in violation of 18 U.S.C. § 111, and discharging a firearm in relation to a crime of violence in violation of 18 U.S.C. § 924(c). The court sentenced Gregory to 145 months of imprisonment and five years of supervised release, and it ordered Gregory to pay $29,436 in restitution, and imposed a $300 special assessment. Gregory has filed a timely appeal.

On appeal, Gregory's counsel has filed a motion to withdraw and a brief pursuant to

*Anders v. California,* 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), and he submits the following issue for review: whether the district court erred when it declined to depart downward a full ninety-two months as requested by the defendant and the government pursuant to USSG § 5K1.1. Gregory has not responded to counsel's motion.

Upon review, we conclude that the district court's decision not to depart downward by ninety-two months is not reviewable. This court has consistently held that a district court's discretionary refusal to depart downward is not reviewable, unless the district court mistakenly believed it did not have legal authority to depart downward. *United States v. Henderson,* 209 F.3d 614, 617–18 (6th Cir.2000). The district court need not explicitly state that it is aware of its discretionary authority to depart downward; the record need only make clear the court's awareness of its discretion. *United States v. Owusu,* 199 F.3d 329, 349 (6th Cir.2000). Furthermore, this court has no jurisdiction to review a district court's failure to depart downward enough to satisfy the defendant. *United States v. Gregory,* 932 F.2d 1167, 1169 (6th Cir.1991).

Here, the district court granted the government's motion for a downward departure, but it only reduced Gregory's sentence by seventy-two months. The district court judge specifically stated that "I am loath to reduce the sentence as far as I've done it. I cannot see a justification for going any lower than I have." She explained that "I just think the facts are egregious." Moreover, a review of the sentencing transcript does not reveal any ambiguous statements by the district court concerning its discretion to depart. Thus, the district court was aware of its authority to depart, and its decision not to depart further is simply not reviewable.

Additionally, we have reviewed the record and have discovered no error warranting reversal of Gregory's conviction and sentence.

Accordingly, we grant counsel's motion to withdraw and affirm the judgment of conviction and sentence. Rule 34(j)(2)(C), Rules of the Sixth Circuit.