UNITED STATES of America,
Plaintiff–Appellee,

v.

Gregory DRAKE, aka Grady Moore,
Defendant–Appellant.

No. 03–5682.

United States Court of Appeals,
Sixth Circuit.

July 28, 2004.

Gregg L. Sullivan, Asst. U.S. Attorney, Chattanooga, TN, for Plaintiff–Appellee.

Neal L. Thompson, Chattanooga, TN, for Defendant–Appellant.

Before: CLAY and GILMAN, Circuit Judges; and MATIA, District Judge.*

### ORDER

Gregory Drake appeals his judgment of conviction and sentence. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Drake pleaded guilty to one count of conspiring to manufacture and distribute 500 grams or more of methamphetamine in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C) and § 846. On the day he pleaded guilty, the government gave Drake notice of its intent to use Drake's prior conviction to enhance punishment pursuant to 21 U.S.C. § 851. Thereafter, the government filed a USSG § 5K1.1 motion for downward departure. The district court sentenced Drake to 185 months of imprisonment and five years of supervised release.

On appeal, Drake's counsel moves to withdraw and files a brief pursuant to *Anders v. California*, 386 U.S. 738, 87

---

* The Honorable Paul R. Matia, United States District Judge for the Northern District of Ohio, sitting by designation.

S.Ct. 1396, 18 L.Ed.2d 493 (1967). Drake has not responded to his counsel's motion to withdraw, despite being informed of his opportunity to do so.

We hereby grant the motion to withdraw as it reflects that counsel has reviewed the entire record and proceedings and concluded that no grounds for appeal can be sustained. Despite believing the appeal to be without merit, counsel submits that the district court should have departed further in light of Drake's substantial assistance to the government.

■ Our review of the record reveals that Drake entered a valid guilty plea. A plea of guilty is valid if entered voluntarily, knowingly, and intelligently; its validity is determined under the totality of the circumstances. *See Brady v. United States,* 397 U.S. 742, 749, 90 S.Ct. 1463, 25 L.Ed.2d 747 (1970). The Constitution requires that such circumstances reflect that the defendant be informed of all the direct consequences of a guilty plea. *Id.* at 755. The record should reflect a full understanding of the direct consequences so that the plea represents a voluntary and intelligent choice among the alternatives. *See North Carolina v. Alford,* 400 U.S. 25, 31, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970).

The record in this case clearly reflects that Drake entered a valid guilty plea. The district court, by complying with the requirements of Fed.R.Crim.P. 11, properly determined that Drake knowingly and voluntarily entered his guilty plea. Rule 11 ensures that a defendant pleading guilty understands his applicable constitutional rights, that his plea of guilty is voluntary with a full understanding of the nature of the crime charged and the consequences of his guilty plea, and that a factual basis exists for the crime to which the plea is being offered. *United States v. Goldberg,* 862 F.2d 101, 106 (6th Cir.1988).

At the plea hearing, the district court reviewed with Drake the provisions of the plea agreement and the rights he was waiving. The district court read the charges in the indictment and explained the consequences of Drake's plea in terms of the possible length of sentence. Drake told the district court that he understood the charges and the consequences of his plea. The district court specifically addressed Drake's right to trial by jury, the right to subpoena witnesses, the right to counsel, the presumption of innocence, the government's burden of proof, and the right not to testify. Drake stated that he understood the rights he was waiving and acknowledged his guilt. Thus, the court met the requirements of Fed.R.Crim.P. 11. Consequently, the record reveals that Drake knowingly, intelligently, and voluntarily pleaded guilty.

■ The district court properly sentenced Drake. Drake's guideline range was between 168 and 210 months of imprisonment, with the statutory mandatory minimum of 240 months of imprisonment. The district court granted the government's § 5K1.1 motion and sentenced Drake fifty-five months below the mandatory minimum sentence. A defendant cannot appeal the degree of a district court's downward departure for substantial cooperation, so long as the district court remained within the sentencing guidelines. *United States v. Gregory,* 932 F.2d 1167, 1169 (6th Cir.1991).

Accordingly, we grant counsel's motion to withdraw and affirm the district court's judgment pursuant to Rule 34(j)(2)(C), Rules of the Sixth Circuit.