**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Benjamin CORDOVA, Defendant–Appellant.**

**No. 01–6114.**

United States Court of Appeals, Sixth Circuit.

Aug. 8, 2002.

Before: KEITH and DAUGHTREY, Circuit Judges; CARR, District Judge.*

*ORDER*

Benjamin Cordova appeals the sentence entered on his plea of guilty to money laundering and aiding and abetting the same in violation of 18 U.S.C. §§ 1956(a)(1)(A)(i) and 2. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

The district court sentenced Cordova to 27 months of imprisonment and 2 years of supervised release. Trial counsel was al-lowed to withdraw, and substitute counsel was appointed to represent Cordova.

In his timely appeal, Cordova's appellate counsel moves to withdraw and has filed a brief pursuant to *Anders v. California,* 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). Cordova has not responded to his counsel's motion to withdraw.

Upon review, we hereby grant the motion to withdraw as counsel as it reflects that appellate counsel has independently reviewed the entire record and proceedings. Concluding that no grounds for appeal can be sustained, counsel submits that the district court did not depart below the applicable guideline range to the same extent in Cordova's case as it departed in a co-defendant's case. Therefore, an inequity exists.

The record reveals no error warranting reversal of Cordova's conviction or sentence. Cordova, who was assisted by a court certified Spanish language interpreter, pleaded guilty knowingly, intelligently, and voluntarily. A guilty plea is valid if it is entered knowingly, voluntarily, and intelligently, as determined under the totality of the circumstances. *Brady v. United States,* 397 U.S. 742, 749, 90 S.Ct. 1463, 25 L.Ed.2d 747 (1970); *Boykin v. Alabama,* 395 U.S. 238, 242–44, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969). The record should reflect a full understanding of the direct consequences so that the plea represents a voluntary and intelligent choice among the alternatives. *North Carolina v. Alford,* 400 U.S. 25, 31, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970).

At the plea hearing, the district court very carefully reviewed with Cordova the provisions of the plea agreement, the rights he was waiving, and the maximum penalties he faced under the applicable

* The Honorable James G. Carr, United States District Judge for the Northern District of Ohio, sitting by designation.

statutes, including length of imprisonment and supervised release. The district court also reviewed the counts of the indictment to which Cordova was pleading guilty, and Cordova acknowledged his guilt.

The district court properly accepted Cordova's guilty plea because the transcripts of the plea hearing and sentencing proceeding clearly establish that Cordova was competent to plead guilty, and that under the totality of the circumstances, Cordova's plea was entered voluntarily, knowingly, and intelligently. *See Brady,* 397 U.S. at 749, 90 S.Ct. 1463. In addition, a factual basis was established for the plea as required by Fed.R.Crim.P. 11(f). *See United States v. Timmreck,* 441 U.S. 780, 783, 99 S.Ct. 2085, 60 L.Ed.2d 634 (1979).

The district court properly sentenced Cordova. Cordova had a total offense level of 22 and a criminal history category I. The resulting sentencing range was 41–51 months. However, the government, as agreed by the parties, moved the district court to depart downward from the sentencing range pursuant to USSG § 5K1.1. The district court granted the government's motion, departed below the applicable guideline range, and sentenced Cordova to 27 months of imprisonment. This court does not have jurisdiction to review the length of a downward departure under USSG § 5K1.1. *United States v. Gregory,* 932 F.2d 1167, 1169 (6th Cir.1991).

Accordingly, counsel's motion to withdraw is hereby granted, and the district court's judgment is affirmed pursuant to Rule 34(j)(2)(C), Rules of the Sixth Circuit.