**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Chacy S. WILLIAMS, Defendant–**
**Appellant.**

No. 02–3020.

United States Court of Appeals,
Sixth Circuit.

Feb. 3, 2003.

Before RYAN, BATCHELDER, and

LAY,* Circuit Judges.

### ORDER

Chacy S. Williams appeals the sentence that he received after pleading guilty to armed bank robbery and brandishing a firearm during a crime of violence, violations of 18 U.S.C. §§ 924(c)(1) and 2133(a). The parties have waived oral argument, and the panel unanimously agrees that oral argument is not needed in this case. Fed. R.App. P. 34(a).

The sentencing court granted a government motion to depart downward from the applicable guideline range of 176 to 199 months, because Williams had provided substantial assistance in the prosecution of others. *See* USSG § 5K1.1 (2001). However, the court rejected the government's recommendation that it impose a sentence within a range of only 112 to 120 months. Instead, the court sentenced Williams on December 17, 2001, to a total of 168 months of imprisonment and five years of supervised release (entered 12 27 01).

We review the district court's legal conclusions *de novo,* and examine its factual findings for clear error. *United States v. Henderson,* 209 F.3d 614, 617 (6th Cir. 2000).

Williams now argues that the district court's rejection of a lower sentencing range was based on an unsupported finding that he had not provided substantial assistance to the government. However, the court specifically stated that it would consider his substantial assistance, and it could not have reduced his sentence under § 5K1.1 if it had not granted the government's motion based on the assistance that he had provided. *See generally Wade v. United States,* 504 U.S. 181, 184–85, 112

S.Ct. 1840, 118 L.Ed.2d 524 (1992). The district court judge was plainly aware of his discretion to grant a downward departure in appropriate cases, as he did reduce Williams's sentence to a term that was eight months less than the lowest point of the otherwise applicable guideline range. *See United States v. Byrd,* 53 F.3d 144, 145 (6th Cir.1995). The court's informed decision not to reduce his sentence further is simply not reviewable on appeal. *See Henderson,* 209 F.3d at 618; *United States v. Gregory,* 932 F.2d 1167, 1169 (6th Cir. 1991).

Accordingly, the district court's judgment is affirmed.